UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**ACACSHA JACKSON,**
Individually and on behalf of
all those similarly situated,

    Plaintiff,

v.                                                              Case No. 24-CV-399

**TEAM DISCOVERY, LLC,
LAURENCE TRIBLE, and
TREVOR TRIMBLE.**

    Defendants.

## COMPLAINT

## PRELIMINARY STATEMENT

1. This lawsuit is a class and collective action brought by Individual and Representative Plaintiff, Acacsha Jackson, ("Plaintiff") on her own behalf and on behalf of the putative collectives and classes, against Team Discovery, LLC, Laurence Trimble, and Trevor Trimble to recover unpaid overtime wages, unpaid minimum wages, unlawfully deducted wages, liquidated damages, civil penalties, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and/or Wisconsin law. Team Discovery, LLC, employed Plaintiff as a caregiver at its adult family homes. Team Discovery, LLC, subjected its caregivers to common polices or practices, including failing to pay overtime wages, failing to pay minimum wages, failing to pay agreed-upon wages, and deducting wages for faulty workmanship

without prior written consent. As a result, Team Discovery, LLC, violated the FLSA and Wisconsin law.

## PARTIES

2. Acacsha Jackson is an adult resident of Milwaukee County, Wisconsin. Her consent to join form is filed as Exhibit 1 to this Complaint.

3. Team Discovery, LLC, is a limited liability company organized under the laws of Wisconsin. Team Discovery, LLC's registered agent in Wisconsin is Laurence Trimble, N85W16110 Appleton Avenue, Unit 1124, Menomonee Falls, Wisconsin 53052.

4. Laurence Trimble is an adult resident of Waukesha County, Wisconsin.

5. Trevor Trimble is an adult resident of Waukesha County, Wisconsin.

6. The FLSA Overtime Collective is defined as:

> All persons who have been employed as caregivers by Team Discovery, LLC, at any time during the past three years and who worked more than 40 hours in at least one workweek during the past three years.

7. The FLSA Minimum Wage Collective is defined as:

> All persons who have been employed as caregivers by Team Discovery, LLC, at any time during the past three years.

8. The Wisconsin Overtime Class is defined as:

> All persons who have been employed as caregivers by Team Discovery, LLC, at any time during the past two years and who worked more than 40 hours in at least one workweek during the past two years.

9. The Wisconsin Minimum Wage Class is defined as:

> All persons who have been employed as caregivers by Team Discovery, LLC, at any time during the past two years.

10. The Wisconsin Agreed-Upon Wage Class is defined as:

   All persons who have been employed as caregivers by Team Discovery, LLC, at any time during the past two years.

11. The Wisconsin Agreed-Upon Wage Class is defined as:

   All persons who have been employed as caregivers by Team Discovery, LLC, at any time during the past two years.

## JURISDICTION AND VENUE

12. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

13. The Court has supplemental jurisdiction over Plaintiff's Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form a part of the same case or controversy.

14. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

15. Team Discovery, LLC, operates adult family homes that are primarily engaged in the care of sick, aged, or mentally ill or defective individuals who reside on its premises.

16. On information and belief, in each of the three years preceding the filing of this action, Team Discovery, LLC's gross annual business was $500,000 or more.

17. At all times relevant to this matter, Laurence Trimble owned and operated Team Discovery, LLC, and exercised control over its pay and other human

3

resources practices, including the pay and hours worked of Plaintiff and the putative class members.

18. At all times relevant to this matter, Trevor Trimble owned and operated Team Discovery, LLC, and exercised control over its pay and other human resources practices, including the pay and hours worked of Plaintiff and the putative class members.

19. At times during the three years preceding the filing of this action, Team Discovery, LLC, employed Plaintiff and the putative class members as caregivers at its adult group homes in Wisconsin.

20. Plaintiff and the FLSA Overtime Collective worked more than 40 hours in at least one workweek in the three years preceding the filing of this action.

21. Plaintiff and the Wisconsin Overtime Class worked more than 40 hours in at least one workweek in the two years preceding the filing of this action.

22. Team Discovery, LLC, applied the same policies and practices to caregivers, including Plaintiff and the putative class members.

23. Caregivers' duties included medicine passing, dressing, bathing, laundry, medical transport, recreational transport, meal preparation, and other similar tasks for Team Discovery, LLC's residents.

24. Team Discovery, LLC, classified caregivers as non-exempt from minimum wage laws.

25. Team Discovery, LLC, classified caregivers as non-exempt from overtime laws.

26. Team Discovery, LLC, agreed to pay caregivers an hourly wage for their work that was greater than the minimum wage.

27. Team Discovery, LLC, has a policy or practice of paying caregivers straight time for all hours worked in excess of 40 in a workweek.

28. Team Discovery, LLC, has a policy or practice of failing to pay caregivers one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

29. Team Discovery, LLC, has a policy or practice of withholding caregivers' final paychecks.

30. Team Discovery, LLC, has a policy or practice of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent.

31. Team Discovery, LLC, has a policy or practice of has a policy or practice of failing to pay caregivers agreed-upon wages.

32. Team Discovery, LLC, has a policy or practice of has a policy or practice of failing to pay caregivers the minimum wage.

33. Team Discovery, LLC, has a policy or practice of has a policy or practice of failing to pay caregivers overtime wages.

34. Team Discovery, LLC, has a policy or practice of has a policy or practice of deducting from caregivers' wages for faulty workmanship without their prior written consent.

35. As an illustrative example of Team Discovery, LLC's pay practices at issues herein, for the workweek of October 29 to November 4, 2023, Plaintiff worked 52 hours. Team Discovery, LLC, agreed to pay Plaintiff a wage of $13.00 per hour for this work. However, Team Discovery, LLC, paid Plaintiff straight time for all 52 hours worked in that workweek.

36. As an illustrative example of Team Discovery, LLC's pay practices at issues herein, Team Discovery, LLC, deducted all wages from Plaintiff's final paycheck because Plaintiff allegedly violated Team Discovery, LLC's handbook, gossiped, engaged in a confrontation in front of a resident, failed to wear proper uniform, and failed to perform shift duties, among other issues.

37. As an illustrative example of Team Discovery, LLC's pay practices at issues herein, for the workweek of January 14 to January 20, 2024, Plaintiff worked 49 hours. The wages for this workweek should have been on Plaintiff's final paycheck. However, Team Discovery, LLC, did not issue Plaintiff a final paycheck so Plaintiff did not receive any wages for her work from January 14 to January 20, 2024.

**CLASS ALLEGATIONS**

38. Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief individually and on behalf of the Wisconsin Overtime Class, the Wisconsin Minimum Wage Class, the Wisconsin Agreed-Upon Wage Class, and the Wisconsin Deductions Class, respectively, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

39. The persons in each the Wisconsin Overtime Class, the Wisconsin, Minimum Wage Class, the Wisconsin Agreed-Upon Wage Class, and the Wisconsin

Deductions Class are so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy each class definition.

40. There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

  a. Whether Defendant maintained a common practice and policy of paying straight time for all hours worked;

  b. Whether Defendant maintained a common practice and policy of withholding final paychecks;

  c. Whether Defendant maintained a common practice and policy of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent;

  d. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

  e. The proper measure of damages sustained by Plaintiff and members of the putative class.

41. Plaintiff's claims are typical of those of the Wisconsin Overtime Class. Plaintiff, like other members of the Wisconsin Overtime Class, was subjected to Defendant's illegal pay policies and practices resulting in a wage loss, including

7

Defendant's policy of paying straight time for all hours worked and withholding final paychecks.

42. There are questions of law and fact common to the Wisconsin Minimum Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Defendant maintained a common practice and policy of withholding final paychecks;

    b. Whether Defendant maintained a common practice and policy of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent;

    c. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

    d. The proper measure of damages sustained by Plaintiff and members of the putative class.

43. Plaintiff's claims are typical of those of the Wisconsin Minimum Wage Class. Plaintiff, like other members of the Wisconsin Minimum Wage Class, was subjected to Defendant's illegal pay policies and practices resulting in a wage loss, including Defendant's policy of withholding final paychecks and fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent.

44. There are questions of law and fact common to the Wisconsin Agreed-Upon Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Defendant maintained a common practice and policy of withholding final paychecks;

    b. Whether Defendant maintained a common practice and policy of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent;

    c. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

    d. The proper measure of damages sustained by Plaintiff and members of the putative class.

45. Plaintiff's claims are typical of those of the Wisconsin Agreed-Upon Wage Class. Plaintiff, like other members of the Wisconsin Agreed-Upon Wage Class, was subjected to Defendant's illegal pay policies and practices resulting in a wage loss, including Defendant's policy of withholding final paychecks and Defendant's policy of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent.

46. There are questions of law and fact common to the Wisconsin Deductions Class that are capable of class-wide resolution and the determination of which will

resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Defendant maintained a common practice and policy of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent;

    b. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

    c. The proper measure of damages sustained by Plaintiff and members of the putative class.

47. Plaintiff's claims are typical of those of the Wisconsin Deductions Class. Plaintiff, like other members of the Wisconsin Deductions Class, was subjected to Defendant's illegal pay policies and practices resulting in a wage loss, including Defendant's policy of fining caregivers for allegedly violating handbook provisions, work rules, and performance expectations without their prior written consent.

48. Plaintiff will fairly and adequately protect the interests of the Wisconsin Overtime Class, the Wisconsin, Minimum Wage Class, the Wisconsin Agreed-Upon Wage Classes, and the Wisconsin Deductions Class and has retained counsel experienced in complex wage and hour litigation.

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims,

typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

50. Certification of the Wisconsin Overtime Class, the Wisconsin Minimum Wage Class, the Wisconsin Agreed-Upon Wage Classes, and the Wisconsin Deductions Class is appropriate under Rule 23(b)(3) because questions of law and fact common to each class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the putative classes' members the wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

51. Plaintiff intends to send notice to all members of the Wisconsin Overtime Class, the Wisconsin, Minimum Wage Class, the Wisconsin Agreed-Upon Wage Classes, and the Wisconsin Deductions Class to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

52. Plaintiff, on her own behalf and on behalf of the FLSA Overtime Collective, alleges and incorporates by reference the allegations in the preceding paragraphs.

53. Team Discovery, LLC, has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

54. Team Discovery, LLC, is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

55. Plaintiff and FLSA Overtime Collective are or were employees of Team Discovery, LLC, within the meaning of 29 U.S.C. § 203(e).

56. Laurence Trimble exerted sufficient control over the pay and hours worked of Plaintiff and FLSA Overtime Collective to be held personally liable for the violations alleged herein as an employer within the meaning of 29 U.S.C. § 203(d).

57. Trevor Trimble exerted sufficient control over the pay and hours worked of Plaintiff and FLSA Overtime Collective to be held personally liable for the violations alleged herein as an employer within the meaning of 29 U.S.C. § 203(d).

58. As alleged above, at times during the three years preceding the filing of this action, Team Discovery, LLC, failed to pay Plaintiff and FLSA Overtime Collective at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

59. Team Discovery, LLC, knew that, or showed reckless disregard for whether, its conduct violated the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION THE FAIR LABOR STANDARDS ACT

60. Plaintiff, on her own behalf and on behalf of the FLSA Minimum Wage Collective, alleges and incorporates by reference the allegations in the preceding paragraphs.

61. Team Discovery, LLC, has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

62. Team Discovery, LLC, is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

63. Plaintiff and FLSA Minimum Wage Collective are or were employees of Team Discovery, LLC, within the meaning of 29 U.S.C. § 203(e).

64. Laurence Trimble exerted sufficient control over the pay and hours worked of Plaintiff and FLSA Minimum Wage Collective to be held personally liable for the violations alleged herein as an employer within the meaning of 29 U.S.C. § 203(d).

65. Trevor Trimble exerted sufficient control over the pay and hours worked of Plaintiff and FLSA Minimum Wage Collective to be held personally liable for the violations alleged herein as an employer within the meaning of 29 U.S.C. § 203(d).

66. As alleged above, at times during the three years preceding the filing of this action, Team Discovery, LLC, failed to pay Plaintiff and FLSA Minimum Wage Collective at a rate of $7.25 per hour for all hours worked in violation of the FLSA.

67. Team Discovery, LLC, knew that, or showed reckless disregard for whether, its conduct violated the FLSA.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

68. Plaintiff, on her own behalf and on behalf of the Wisconsin Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

69. Team Discovery, LLC, has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

70. Plaintiff and Wisconsin Overtime Class are or were employees of Team Discovery, LLC, within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 274.03.

71. Laurence Trimble exerted sufficient control over the pay and hours worked of Plaintiff and Wisconsin Overtime Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

72. Trevor Trimble exerted sufficient control over the pay and hours worked of Plaintiff and Wisconsin Overtime Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

73. As alleged above, at times during the two years preceding the filing of this action, Team Discovery, LLC, failed to pay Plaintiff and Wisconsin Overtime Class at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of Wisconsin law.

74. Team Discovery, LLC's violations of Wisconsin law were for dilatory and/or unjust reasons.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW**

75. Plaintiff, on her own behalf and on behalf of the Wisconsin Minimum Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

76. Team Discovery, LLC, has been, and continues to be, an employer within the meaning of Wis. Stat. § 104.01(3), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 272.01(5).

77. Plaintiff and Wisconsin Minimum Wage Class are or were employees of Team Discovery, LLC, within the meaning of Wis. Stat. § 104.01(2), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 272.03.

78. Laurence Trimble exerted sufficient control over the pay and hours worked of Plaintiff and Wisconsin Minimum Wage Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 104.01(3), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 272.01(5).

79. Trevor Trimble exerted sufficient control over the pay and hours worked of Plaintiff and Wisconsin Minimum Wage Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. of Wis. Stat. § 104.01(3), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 272.01(5).

80. As alleged above, at times during the two years preceding the filing of this action, Team Discovery, LLC, failed to pay Plaintiff and Wisconsin Minimum Wage Class at a rate of $7.25 per hour for all hours worked in violation of the Wisconsin law.

81. Team Discovery, LLC's violations of Wisconsin law were for dilatory and/or unjust reasons.

**FIFTH CLAIM FOR RELIEF:**
**FAILURE TO PAY AGREED-UPON WAGES IN VIOLATION OF WISCONSIN LAW**

82. Plaintiff, on her own behalf and on behalf of the Wisconsin Agreed-Upon Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

83. Team Discovery, LLC, has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

84. Plaintiff and Wisconsin Agreed-Upon Wage Class are or were employees of Team Discovery, LLC, within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(1r).

85. Laurence Trimble exerted sufficient control over the pay and hours worked of Plaintiff and Wisconsin Agreed-Upon Wage Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

86. Trevor Trimble exerted sufficient control over the pay and hours worked of Plaintiff and Wisconsin Agreed-Upon Wage Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

87. As alleged above, at times during the two years preceding the filing of this action, Team Discovery, LLC, failed to pay Plaintiff's and the Wisconsin Agreed-Upon Wage Class's agreed-upon wages in violation of Wisconsin law.

88. Team Discovery, LLC's violations of Wisconsin law were for dilatory and/or unjust reasons.

**SIXTH CLAIM FOR RELIEF:**
**UNLAWFUL WAGE DEDUCTIONS IN VIOLATION OF WISCONSIN LAW**

89. Plaintiff, on her own behalf and on behalf of the Wisconsin Deductions Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

90. Team Discovery, LLC, has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

91. Plaintiff and the Wisconsin Deductions Class are or were employees of Team Discovery, LLC, within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(1r).

92. Laurence Trimble exerted sufficient control over the pay and hours worked of Plaintiff and the Wisconsin Deductions Class to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

93. Trevor Trimble exerted sufficient control over the pay and hours worked of Plaintiff and the Wisconsin Deductions Class to be held personally liable for the

violations alleged herein as an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

94. As alleged above, at times during the two years preceding the filing of this action, Team Discovery, LLC, made deductions from Plaintiff's and the Wisconsin Deduction Class's wages for faulty workmanship without their prior written consent in violation of Wis. Stat § 103.455.

## **REQUEST FOR RELIEF**

Plaintiff, on her own behalf and on behalf of the putative collectives and classes, requests the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Collective and FLSA Minimum Wage Collective;

B. An order certifying this action as a class action on behalf of the Wisconsin Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Agreed-Upon Wage Class, and Wisconsin Deductions Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Acacsha Jackson as representative of the Wisconsin Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Agreed-Upon Wage Class, and Wisconsin Deductions Class;

D. An order designating Hawks Quindel, S.C., as class counsel;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. An order declaring that Team Discovery, LLC, Laurence Trimble, and Trevor Trimble maintained policies and practices that violated the FLSA and Wisconsin law;

G. An order finding that Team Discovery, LLC, Laurence Trimble, and Trevor Trimble violated the FLSA and Wisconsin law.

H. Judgment against Team Discovery, LLC, Laurence Trimble, and Trevor Trimble in an amount equal to Plaintiffs' and the putative collectives' and classes' unpaid overtime wages, unpaid minimum wages, unpaid agreed-upon wages, unlawfully deducted wages, liquidated damages, and civil penalties under the FLSA and Wisconsin law;

I. An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA and Wisconsin law; and

J. Any further relief that the Court deems just and equitable.

Dated: April 2nd, 2024

s/ Larry A Johnson
Larry A. Johnson, State Bar No. 1056619
Connor J. Clegg, State Bar No. 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
cclegg@hq-law.com